[No. 7,588.—In Bank.]

## THOMAS G. PEACHY *v.* H. M. REDMOND.

COUNTY SUPERINTENDENTS OF SCHOOLS—SALARY—BOARD OF SUPERVISORS—
    CONSTRUCTION OF CODE.—Section 1552, Political Code, clearly contemplates the allowance of a salary to the County Superintendent of Education by the Board of Supervisors before it shall be paid.

ID.—ID.—ID.—ID.—AUDITOR.—In default of action by the Board, the
    Auditor can not fix the salary at the minimum provided in the Code.
    The law does not authorize him to draw his warrant for the payment of
    a salary which has not been fixed.

APPEAL from an order in the Superior Court of the County of Calaveras, denying an application for a writ of *mandamus* to the County Auditor, requiring him to draw his warrant in favor of the plaintiff for his salary as School Superintendent.

*I. H. Reed,* for Appellant.

*A. L. Hart,* Attorney General, for Respondent.

SHARPSTEIN, J.:

The Political Code, as amended March 29, 1874, provides that "Each County Superintendent, except when otherwise provided by statute, shall receive such salary and his reasonable traveling expenses, to be estimated by the Board of Supervisors, and as may be allowed by the Board of Supervisors * * * ; *provided*, that such compensation shall not be less than a sum equal to twenty dollars for each school district in his county, exclusive of traveling expenses, and that he shall be allowed, in addition to his salary, a sum for postage and expressage, payable out of the County School Fund, equal to one dollar for each school district." (Pol. C., § 1552.)

March 9, 1878, an Act was passed to take effect and be in force on and after the first Monday of March, 1880, which fixes the salary of the Superintendent of Public Schools in the county of Calaveras at the sum of four hundred dollars per annum, and allows him one hundred dollars for traveling expenses. Under the Political Code, his salary would be seven hundred and forty dollars per annum, there being thirty-seven school districts in the county.

The case was submitted to the Court below upon an agreed statement of facts, upon which the appellant asked for a *mandamus* to compel the Auditor of Calaveras County to draw his warrant in favor of appellant for a quarter's salary, at the rate of seven hundred and forty dollars per annum. The application was denied, and this appeal is from the order denying said application.

Two important, if not intricate, questions were argued on the hearing here, neither of which, as we view the case, is necessarily involved in it. The Political Code, upon which appellant relies, provides that each County Superintendent shall receive such salary as may be allowed by the Board of Supervisors, in no case to be less than twenty dollars per school district. It does not appear by the agreed statement of facts that the Board has ever allowed, *i. e.*, fixed the salary of said Superintendent. Until so allowed or fixed, we know of no provision of law by which the Auditor would be authorized to draw his warrant for any salary under the pro-

vision of the Code relied upon by the appellant. That provision clearly contemplates the allowance of a salary by the Board before it shall be paid. The minimum at which the Board can fix it, is twenty dollars per school district. But in default of action by the Board, can the Auditor fix it at the minimum ? The law does not authorize him to draw his warrant for the payment of a salary which has not been fixed. If the salary of appellant had been fixed by the Board before he demanded the warrant from the respondent, that fact should appear in the record. If it has not been fixed by the Board, the appellant should take measures to have it so fixed before demanding a warrant for the payment of it.

The Court below denied the writ upon another ground, viz.: That the Act of 1878, is constitutional. The appellant, however, fails to show that he is entitled to the relief demanded even if that Act be unconstitutional.

Judgment and order affirmed.

THORNTON, MCKINSTRY, MYRICK, and ROSS, JJ., concurred.